———

(Lucas Co., O., Common Pleas, March, 1897.)
*THOMAS J. KUHN ET AL. v. WOOLSON SPICE CO. ET AL.

———

*Trustee and beneficiary joined as parties—*
(1.) A trustee of an express trust, or a person in whose name a contract has been made for the benefit of another, may be joined with his beneficiaries as a party plaintiff in a suit to protect the rights under such contract, although by sec. 4995, R. S., he may sue without joining his beneficiaries.

*Corporations—Stockholder—Parties—Trusts*
(2.) The registered owner of a share of stock in a corporation, which he holds as trustee for the real owner, is a pr per party plaintiff under sec. 5005, R. S., in an equitable action against such corporation, the officers and directors thereof, and another corporation, for the appointment of a receiver for the first corporation, to wind up its affairs and to restrain a sale of the stock of the first corporation to the officers of the second corporation, although the real owners of such share of stock are also joined as plaintiffs.

*Actions—Pleadings—*
(3.) A petition in an action by stockholders against a corporation to restrain it from certain acts and for the appointment of a receiver to wind up its affairs, alleging that there was no officer, director or stockholder to whom plaintiffs could go to secure redress is sufficient, without showing that a request to have their rights adjusted was first made to the corporation.

*Injunction—Motion to dissolve—Burden of proof—*
(4.) On a motion to dissolve a preliminary injunction on the ground that the allegations of the petition are untrue, the burden is on defendants to prove that fact, but such full and positive proof is not requisite as would be necessary upon a final hearing of the case.

*Equity—Corporations—Monopolies—Laws of trade—*
(5.) Equity will not entertain a bill by stockholders in a corporation asking for the appointment of a receiver to wind up the business of such corporation, or grant relief by injunction or otherwise, on the ground that those controlling the corporation were mismanaging it, or destroying its profits where it appears that plaintiffs, controlling the coffee business, prepared to engage also in the sugar refining business, whereupon defendants, having a monopoly of the latter business, purchased a controlling interest in the corporation in question, which was a competitor of plaintiffs in the coffee business, and proceeded to reduce the price of coffee, with the intention of wrecking plaintiff's coffee business unless they gave up the sugar refining business, as equity will not lend its aid to one monopoly as against another, or interfere with the laws of trade, permitting one party to drive another party out of business by underselling him.

(*For decision of the circuit court in this case, see 13 O. C. C., 347.)

———

MORRIS, J.

This case has been submitted on a demurrer to the petition filed by the defendant, Lawrence Newman, and on a motion by the other defendants who are in court, to dissolve the temporary restraining order, allowed *ex parte* on a filing of the petition and affidavits in the case, and also on a motion by plaintiffs for the appointment of a receiver.

It is alleged that the defendant, the Woolson Spice Company, is an Ohio corporation; that it is engaged in selling coffee on a large scale; that its authorized capital stock is $300,000 in three thousand shares of one hundred dollars each, of which but eighteen hundred shares have been issued and are outstanding; that on December 1, 1896, the book value of said stock was nearly $1,000 per share, and that said company was then conducting a prosperous and increasing business, giving a fair profit to all shareholders upon such book value of said shares; that the plaintiff, Thomas J. Kuhn, is now and since March 23, 1896, has been the registered owner and holder of one share of stock in the Woolson Spice Company, but that the other plaintiffs have been the real owners, and since December 31, 1896, they have also been the owners of sixty shares purchased by them from J. Spence Acklin, who was theretofore the owner thereof. That the American Sugar Refining Company, defendant, is a New Jersey corporation organized for the purpose of refining and dealing in sugar, which business is carried on to such an extent and with such success that said company controls and regu-

lates the price of sugar throughout the United States. That plaintiffs, exclusive of Thomas J. Kuhn, are partners, doing business in the state of New York, under the name of Arbuckle Brothers; that they are engaged in roasting and selling coffee in packages on a large scale, in the same manner as the Woolson Spice Company, and with which company they have been heretofore in competition for the coffee trade of the United States. That in the early part of 1896 Arbuckle Brothers determined to engage in the business of manufacturing sugar, and about December 1, 1896, purchased land for the erection of a sugar refinery in the city of Brooklyn, which is still in the process of construction. That the carrying out of said intention would necessarily bring them in competition with the American Sugar Refining Company, in the sugar refining trade; that the American Sugar Refining Company, having learned of said intention of the Arbuckle Brothers, for the sole purpose of inducing and forcing said Arbuckle Brothers to abandon their plan of engaging in the sugar business, determined to go into the coffee business upon a very large scale, with the intention of so thereby injuring the coffee business of Arbuckle Brothers as to compel them to give up their project of going into the sugar trade. That to more effectually and quickly accomplish their purpose, the American Sugar Refining Company determined to, and did, December 16 and 26, 1896, purchase of certain stockholders of the Woolson Spice Company all of its outstanding stock excepting the sixty-one shares held by the plaintiffs; that the American Sugar Refining Company was not authorized by its charter, or the laws of New Jersey or Ohio, to purchase said shares of stock of the Woolson Spice Company, and that such purchase is illegal and void. That at the time of purchasing said stock the American Sugar Refining Company, as an inducement to the sale, represented and stated to those negotiating the sale on behalf of the stockholders of the Woolson Spice Company, that after said purchaser should have accomplished the purpose for which it bought the same, to-wit, the crushing of the Arbuckle Brothers and compelling them to abandon their intention of engaging in the sugar business in competition with the American Sugar Refining Company, the vendors of said stock would be able to purchase the same at a much less price than they were receiving; and it is alleged that this representation was an important consideration which induced said stockholders to sell their stock. It is alleged that the individual members of the board of directors of the Woolson Spice Company, duly elected and acting

prior to said sale of stock, have sold and assigned all of their stock to the American Sugar Refining Company, have resigned, and that said corporation is now without a board of directors, proper officers, or a governing body. That, after said sale to the American Sugar Refining Company, the defendants, Alvin M. Woolson and William A. Brigham, were employed as general manager and secretary respectively, of the Woolson Spice Company; and thereafter, under directions from the American Sugar Refining Company and without the advice, counsel, or direction of any board of directors of said Woolson Spice Company, on December 17 and 21, 1896, and January 2, and 11, 1897, reduced the selling price of coffee produced by said company, two cents a pound less than it sold for on December 16. It is charged that these reductions were not made in good faith, nor in the interests of the Woolson Spice Company or its stockholders, but solely to frustrate the plans of the Arbuckle Brothers and force them to abandon their intention of engaging in the sugar refining business. And it is alleged that the sales of coffee at the prices so fixed are now being made at an actual loss to the company and the stockholders, of from five hundred to one thousand dollars per day. That, if said prices are continued, or further reduced, as the American Sugar Refining Company threatens to do, and plaintiffs believe will be done unless this court shall come to their relief, the value of plaintiffs' stock in said company will be entirely frittered away and destroyed. That by the by-laws of the Woolson Spice Company, stock cannot be voted unless transferred thirty days before an election; and, although none of its stock has been registered, the American Sugar Refining Company threatens to, and will, unless restrained by order of court, appear at the annual meeeting, January 19, 1897, by its agents, and vote as a stockholder, the 1739 shares owned by it, and elect a board of directors and through it assume the entire control of the Woolson Spice Company, without regard to the rights of plaintiffs and other stockholders.

And it is chargeed that by reason of the premises, the Woolson Spice Company has been geatly damaged, and is in great danger of being wholly destroyed, to compass the ends of the American Sugar Refining Company. The plaintiffs allege that they are without adequate and complete remedy at law.

To this petition the defendant Lawrence Newman, demurs, on the ground: first that there is a misjoinder of parties plaintiff; second that the petition does not state facts sufficient to constitute a cause of action.

From the petition it appears that the plaintiff, Thomas J. Kuhn, is the registered holder of one share of stock in the Woolson Spice Company, which he holds in trust for the other plaintiffs, who are the real owners. This fact is admitted on the demurrer; and as such registered stockholder, he is, in law, presumed to be interested in the success of the concern, and may bring suit to protect that stock—especially if it be true, as the demurrer also admits, that there is no president or other officers of the company to whom he can appeal to have the stock he holds transferred upon the company's books to the real owner. In view of this admission of the demurrer, and as he is liable to creditors under the laws of this state as a stockholder, he certainly has an interest in the Woolson Spice Company which he is entitled to protect, and therefore has an interest in this action; and to obtain the relief demanded, he may be joined with the other plaintiffs so interested under section 5005, Revised Statutes.

Again: Thomas J. Kuhn, from the allegations of the petition seems to be a trustee of an express trust, or a person in whose name a contract has been made for the benefit of another; and by the express provisions of section 4995, Revised Statutes, he may sue without joining his beneficiaries. The fact that they join them in the suit, does not destroy his right to stand as a party to the suit.

It would, therefore, appear that there is no misjoinder of parties plaintiff, and that the demurrer cannot be sustained on the first ground claimed.

As to the demurrer to the petition on the ground that it does not state facts sufficient to constitute a cause of action, it will be noted that on the face of the petition the plaintiffs appear only as owners of stock in the Woolson Spice Company, asking that their interests as such owners, which they allege are being imperiled, by the defendants' wrongful and unlawful acts, be protected.

It seems to me perfectly clear that the plaintiffs in this action stand only upon their rights as owners of stock in the Woolson Spice Company. There is no other interest of plaintiffs that can be considered in this case; and unless they are here for the purpose of protecting their stock, and that of the other stockholders, they have no business here. No other interest is disclosed on the face of the petition.

It is charged, that with the exception of sixty-one shares of stock owned by the plaintiffs, all of the outstanding 1800 shares of stock of the Woolson Spice Company have passed into the hands and under the control of the American Sugar Refining Company, a New Jersey corporation which, it is alleged, under the laws of both Ohio and New Jersey, cannot legally hold or own said stock; that said stock was purchased by the said company for the purpose of injuring Arbuckle Brothers, and is now being used and controlled by it for the specific purpose of compelling Arbuckle Brothers to abandon their purpose of going into the sugar business. And it is alleged that the stock was sold to the American Sugar Refining Company to be held by it until this purpose was accomplished, when it was understood the sellers should have the privilege of repurchasing the stock at a much less figure than was paid for it; and further: that the directors of said company have sold all of their stock, and have resigned, and that the company is without a governing body.

It is charged plainly in this petition, that the Woolson Spice Company is now, in fact, being run by the American Sugar Refining Company under its direction and control, and in such a way as to cause an actual daily loss to said company in a large amount, for the accomplishment of this ulterior purpose of the American Sugar Refining Company.

That the property of a corporation cannot be so used against the wishes of a single stockholder, is too plain for discussion. The charter of a corporation is the contract between the corporation and its stockholders; and so long as there is a stockholder opposed to a line of policy in violation of the charter of the company, he may appeal to a court of equity to restrain the company and those in charge of it, from the performance of acts which are *ultra vires* the corporation. In the management of a corporation, the directors or owners of a majority of the stock, are, in law, held to be trustees of the corporate property and assets for the benefit of all the stockholders; and they will not be allowed to control the corporation without regard to the interests of such beneficiaries. That a minority stockholder may interfere when a good reason for interference is shown, is well established by the courts; but grievances real and substantial must exist, and before an individual stockholder can be heard, he must show that he has exhausted all means within his reach to obtain within the corporation, the relief which he desires. Beach on Corporations, section 437.

If the facts stated in the petition are true, the plaintiffs were not required to seek relief through any one connected with the immediate management of the company. Such action would have been idle and useless; and the law will not require the doing of a vain thing. It is charged in the petition that there was no officer or director or stockholder to whom the plaintiffs could go to secure the redress to

which they were entitled. The plaintiffs could, therefore, in the first instance, go into a court of equity for such relief as the law gives them.

In view of these considerations the demurrer to the petition is not well taken on the second ground claimed by the defendants, and will be overruled.

The defendants, the Woolson Spice Company, Alvin M. Woolson, William A. Brigham, John Berdan, James Secor, John B. Ketcham and Rudolph A. Bartley, being all of the defendants in the case who have been served with summons, except Lawrence Newman, have filed a joint answer, admitting the incorporation and business of the Woolson Spice Company as charged in the petition, the amount and value of its stock, that its business was prosperous, as claimed in the petition, that the American Sugar Refining Company is a corporation, and that plaintiffs are partners, under the name of Arbuckle Brothers, and engaged in the same business as the Woolson Spice Company; they admit that prior to the sale of stock of the Woolson Spice Company the company had a board of directors as specified; that Woolson was general manager and that Brigham was sectretary; and that the Woolson Spice Company reduced the price of coffees at the times and to the extent named in the petition; that the regular annual meeting of the board of directors occurs January 19; and that a board will be elected or the present board hold over until a new one is elected; that the by-laws provide that shareholders not registered for thirty days prior to the annual meeting shall not vote; and that no stock has been registered in the name of the American Sugar Refining Company; and they deny every other allegation of the petition.

In the answer, it is specifically alleged that Arbuckle Brothers did not purchase any stock in the Woolson Spice Company in good faith, or as an investment, but for the sole purpose of maintaining a law suit against the Woolson Spice Company, putting it into the hands of a receiver, and otherwise embarrassing it in its business. They charge that the plaintiffs induced J. Spence Acklin to refuse to join his co-stockholders in the sale of the stock; that they bought their stock with their eyes open, knowing that a large majority of the shares of said company had been purchased by persons in New York who had the means and skill to increase its sales, profits and competition with Arbuckle Brothers, paying therefor thirty thousand dollars more than the other stock sold for, and forty thousand dollars more than its book value; and knowing that the Woolson Spice Company had reduced the price of coffee on December 17 and 21, 1896; and that

up to that time for a long time, no one had dared reduce the price of coffee below that fixed by Arbuckle Brothers, who then and theretofore, by their control over the market, dictated the prices or coffee.

The defendants specifically deny that the members of the board of directors except Graff M. Acklin, had sold all of their stock, and aver that they are, in fact, stockholders and are still acting as directors of the Woolson Spice Company. And the defendants say that the company is not running at a loss, but that it is being operated at a profit of from five hundred to seven hundred and fifty dollars per day.

The defendants offer to give bond to plaintiffs, that the company's profits in 1897 will be as great as the average profit for any number of years to be named by the court; and say that the increase in business enables them now, and will enable them in the future to sell at a less margin of profit than when the volume of business was less; and that the purpose of the Woolson Spice Compan is to enlarge its business until it takes the lead therein.

It is alleged also, that the defendants, Thomas J. Kuhn, is improperly joined as a plaintiff, since he has no interest in this controversy.

To this answer, the plaintiffs have filed a reply, in which they deny that they did not purchase any stock in good faith, or as an investment, or for the purposes charged in the answer; and they allege that the share of stock purchased by them March 23, 1896, and which stands in the name of Thomas J. Kuhn, who holds the same in trust for the Arbuckle Brothers, was purchased by Arbuckle Brothers in good faith, as an investment, and without any intention or expectation of using the same for maintaining a law suit against the said company, or putting it in the hands of a receiver or otherwise embarrassing its business.

They deny that they induced Acklin, from whom they purchased sixty shares of stock December 31, 1896, to refuse to join his co-stockholders and sell to the purchasers of the other stock, as charged; but they admit that the book value of said stock was nearly, but less than one thousand dollars per share. They admit that they paid Acklin for sixty shares the sum of one hundred thousand dollars, which was about thirty thousand dollars more than the highest price for which the majority of said stock was sold; and they deny that said purchase was made for the sole and only purpose of being enabled to institute litigation and annoyance against the Woolson Spice Company. Plaintiffs admit that Arbuckle Brothers purchased the said stock of Acklin, knowing that the Woolson Spice Company had reduced

the price of coffee on December 17 and 21, and that the majority of the stock had been sold by the former stockholders; and they say that the intent and purpose on the part of the said Arbuckle Brothers in purchasing said stock of said Acklin, was the hope and expectation that said purchaser by the said Arbuckle Brothers might operate as a restraint upon the American Sugar Refining Company and the persons or parties acting in connection with the said company and its interest, who had purchased the majority of the stock of the said the Woolson Spice Company, in carrying out their expressed design and intention of using said controlling interest in the said the Woolson Spice Company and directing the business policy of the said company in fixing prices upon its product so as to inflict such injuries upon the business of said Arbuckle Brothers as to induce and compel them to abandon their plan of engaging in the business of sugar refining, with the ultimate aim on the part of the parties so controlling the Woolson Spice Company of procuring fostering and maintaining a monopoly of the sugar business throughout the United States. That, in the purchase of said stock, the plaintiffs intended and expected, in case the said purchase on their part should not prove effective in restraining such illegal scheme and plan on the part of the purchasers of said controlling interest in said stock, to institute an action for the purpose of protecting themselves against such unlawful conspiracy. That their sole purpose and motive in instituting this action is to prevent the illegal and wrongful use of the property, business and assets of the Woolson Spice Company, for the purposes aforesaid, to the injury of said company and its stockholders, and thereby to defend themselves against the unlawful aggressions of the parties purchasing said controlling interest in the stock of the said the Woolson Spice Company, for the purpose and in the manner set forth in the petition and in this reply, to protect themselves in their right to engage in the business of refining sugar in the United States—and for no other purposes and with no other intention whatsoever.

Plaintiffs admit, that it is probably true that there has been a large increase in the amount of sales of the Woolson Spice Company due to said reductions in the price of the product, that, to a slight extent, the increase in the volume of business enables the company to sell at a less margin of profit than when the volume of business is smaller; and say that it is true that Arbuckle Brothers, the plaintiffs herein, have for several years past, reduced the price on roasted coffee sold by them, at will, and that they have been the largest dealers in roasted coffee in the country; but deny that they have controlled the market or maintained their ascendancy because no competition was strong enough to make competition active enough to affect them until the business of the Woolson Spice Company began to assume proportions which made it next to the said Arbuckles in the volume of its business.

They admit that they were under no obligations, to buy into the Woolson Spice Company, and that they bought the stock with their eyes open. And there is a substantial denial of all the other allegations of the answer.

All of the defendants who have been served with process have filed a motion to dissolve the temporary restraining order allowed *ex parte* at the beginning of this action; and, in their motion, set forth a number of reasons why it is claimed the injunction should be dissolved. Among other grounds it is claimed that the petition is without equity, and that the allegations of the petition are untrue in fact.

In so far as said motion is based upon the claim that the petition is without equity, that objection has been disposed of in overruling the demurrer of the defendant Newman to the petition.

The chief ground relied upon, however, in support of this motion, is, that the allegations of the petition are untrue in fact. To the establishment of this proposition a large amount of one testimony and affidavits has been introduced. On this question, the burden is upon the defendants to disprove the equities of the petition. Such full and positive proof however, is not exactly as would be necessary upon a final hearing of the case, since the effect of requiring such strictness of proof might be to prevent the dissolution until the final hearing. High on Injunctions, section 1470.

It is claimed by the plaintiffs that the real purpose of the buyers of this stock in investing their money in the same, was to gain control of the Woolson Spice Company and so use that concern in the production and sale of coffee as to compel the Arbuckle Brothers to keep out of the sugar refining business; but this simply means that the intention of the buyer was to put roasted coffee upon the market in such quantities and at such prices as would, under the laws of trade, take from Arbuckle Brothers the business which theretofore they had been able to hold, by reason of their ability to actually dictate the lowest price at which roasted coffee should be sold to consumers; and thus make Arbuckle Brothers either concede to the American Sugar Refining Company a monopoly in the sugar business, or submit to a possible destruction of their own monopoly of the coffee business.

Now one monopoly of a necessity of modern life is entitled prima-ily to no more consideration than another; but how such purpose, though entertained by the controlling stockholders of the Woolson Spice Company, in view of the evidence in this case, can be deemed a misuse of corporate power in the sense contended for by plaintiffs, when the legitimate objects of the company's creation are being accomplished at the same time, is difficult to understand. Nor do I see, as counsel for plaintiffs seem to contend, that an agreement of the majority stockholders to sell the product of the corporation, for a time, at such price as to drive a competitor out of business, will make the corporation an unlawful conspiracy against such competitor, and all parties connected therewith personally liable to him for damages for his actual loss, or entitle him to appeal to a court of equity to restrain a threatened injury of this kind. A competitor for public favor, in disposing of his wares, must bow to that law of trade that allows every man to dispose of his own property in the ordinary course of business, on such terms as he sees fit. Courts of justice can take no notice of injuries of this character.

Many questions of interest and importance, touching upon the law applicable to this case, in almost all of its possible phrases, have been argued at length by counsel for the respective parties, with great learning and ability; but I have not found it necessary nor profitable to more fully consider the legal question involved, at this time. The question of the right of the plaintiffs to a continuance of the restraining order until the final hearing of the cause, in view of well established rules of law, depends upon the proof of the facts stated in the petition; and as the evidence satisfies me that the facts upon which plaintiffs must stand to entitle them to the relief heretofore given, have been substantially disproved, the motion for the dissolution of the restraining order will be granted; and the plaintiffs' motion for the appointment of a receiver, will be overruled.

*John F. Kumler* and *A. L. Smith,* Attorneys for Plaintiffs.

*Doyle & Lewis,* for Defendants.

---

(Cincinnati Sup. Ct., Gen. Term., Nov., 1901.)
Dempsey, Murphy and Smith, JJ.
JOHN REGAN v. MARY WALSH.